**FILED**

**JANUARY 22, 2008**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| Russell Goodman, | ) | |
| | ) | |
| Plaintiff, | ) | No. |
| | ) | |
| vs. | ) | |
| | ) | **08 C 481** |
| Chicago Police Officers V.C. Vaccaro, | ) | |
| Star # 9267, J. Hatzel, Star # 11766, | ) | **JUDGE GUZMAN** |
| John Doe and Peter Poe, the City of | ) | **MAGISTRATE JUDGE ASHMAN** |
| Chicago, CTA agent Gwendolyn Beals | ) | |
| and the Chicago Transit Authority, | ) | |
| | ) | |
| Defendants. | ) | Jury Demand |

## COMPLAINT

### JURISDICTION

1.  The jurisdiction of the court is invoked pursuant to the Civil Rights Act, 42 U.S.C. § 1983 et seq.; the Judicial Code, 28 U.S.C. §§ 1331 and 1343(a); the Constitution of the United States; and pendent and supplementary jurisdiction, pursuant to 28 U.S.C. § 1367.

### PARTIES

2.  Plaintiff Russell Goodman is a resident of Houston, Texas who is currently a student at Drexel University in Philadelphia.

3.  Defendant City of Chicago, is a municipal corporation, duly incorporated under the laws of the State of Illinois and is the employer of the defendant police officers V.C. Vaccaro, J. Hatzel, John Doe and Peter Poe.

1

4. Defendant Chicago Transit Authority (CTA) is a municipal corporation, duly incorporated under the laws of the State of Illinois and is the employer of the defendant Gwendolyn Beals.

5. Defendants V.C. Vaccaro, J. Hatzel, John Doe and Peter Poe were, at the time of this occurrence, duly appointed City of Chicago Police Officers who engaged in the conduct complained of while they were on duty and in the course and scope of their employment with the City of Chicago. Plaintiff does not currently know the actual names of John Doe and Peter Poe.

6. Defendant Gwendolyn Beals is an employee and agent of the Chicago Transit Authority who engaged in the conduct complained of while she was on duty and in the course and scope of her employment.

7. At all times material to this complaint, defendant police officers V.C. Vaccaro, J. Hatzel, John Doe and Peter Poe and defendant CTA employee Gwendolyn Beals were acting under color of state law, ordinance, and/or regulation. Each is sued in his or her individual capacity.

**FACTS**

8. On March 27, 2007, after plaintiff and his brother Myles visited a friend in Chicago, they attempted to take a CTA train from the Belmont redline stop, so that they could catch the Amtrak train to return to Philadelphia.

9. At that time, plaintiff purchased $4.00 of transportation value from the CTA by adding that amount to his CTA fare card through the automated fare machine.

10. Plaintiff's brother then used the card to enter the turnstile and handed the card to

plaintiff, so that he could also gain entry, but the machine would not let him through.

11.  After plaintiff tried again unsuccessfully to use the value on his card to gain entry to the station, he attempted to enlist the assistance of a CTA employee, defendant Gwendolyn Beals.

12.  Defendant Beals verified that the card had value on it, by inserting it into the fare-card issuing machine which confirmed that it had $3.75 remaining value.

13.  Defendant Beals told plaintiff that the card would not work to allow him entry to the station because it was "between transfers," and that the card would not allow him access to the station for a period of 20 minutes.

14.  Plaintiff told Beals that if he was forced to wait 20 minutes he would miss his train to Philadelphia, and asked her to facilitate his entry into the station, since he had obviously paid the required fare.

15.  Defendant Beals refused to assist plaintiff, even though she had the ability to do so, and informed him that he must purchase a new card.

16.  Plaintiff, having paid his fare which entitled him to enter the CTA station and catch a train and not having additional funds immediately available that would allow him to purchase an additional card, and leaving his card in the custody of defendant Beals, then attempted to climb over the turnstile, but fell as he was doing so, and landed on his face, sustaining injuries to his mouth and face.

17.  Plaintiff was bleeding profusely from his mouth and Myles requested that Beals call an ambulance, but she refused to do so and called the police instead, falsely accusing the plaintiff

3

of stealing.

18. Defendant Chicago Police Department officers V.C. Vaccaro, J. Hatzel, John Doe and Peter Poe responded to Beals' call, came to the Belmont station, and began to taunt the plaintiff, making fun of his injuries and calling him stupid.

19. When plaintiff's brother, Myles, requested that the officers summon medical attention rather than making fun of the plaintiff, one of the officers asked, "Who the fuck are you?"

20. When plaintiff responded, "Who the fuck are you?" two of the defendant officers grabbed plaintiff and shoved him against the wall, one defendant officer cuffed plaintiff's left hand behind his back, another defendant officer grabbed plaintiff's right arm, and a third defendant officer grabbed plaintiff's head and smashed it against the wall.

21. As a result of this attack by the defendant officers, acting together, plaintiff suffered a laceration on his left eyebrow and blunt trauma to the side of his face, causing bleeding and swelling of his face, nose, and head.

22. Plaintiff and his brother requested that the police defendants call an ambulance so that plaintiff could receive medical attention, but the defendants refused to do so.

23. Plaintiff's brother, Myles, then called for an ambulance.

24. Defendant Beals falsely alleged to the police officers that plaintiff had attempted to enter the station without paying his fare, although she knew that he had in fact paid his fare and that he was forced to climb over the turnstile because she refused to assist him in gaining access to the station through conventional means.

25.  Because of these false allegations by defendant Beals, plaintiff was arrested.

26.  Plaintiff and his brother informed the defendant police officers that plaintiff had in fact paid his fare, and that it was only because CTA and its agents had refused to allow him access to the station in a conventional manner that he was forced to climb the turnstile.

27.  Defendant police officers arrested plaintiff, although they were aware of facts which demonstrated that there was no probable cause to believe he was guilty of any offense.

28.  Plaintiff was taken to the hospital and then to a police station where he was held for approximately eight hours, before he was released on a $1,000 personal recognizance bond.

29.  As a result of the acts of the defendants set forth above, plaintiff suffered physical and mental pain and suffering, mental anguish, extreme mental distress, financial loss and loss of liberty.

## COUNT I
### [42 U.S.C. § 1983 Claim for Excessive Force]

30.  Plaintiff realleges paragraphs 1 through 29.

31.  The acts of defendants V.C. Vaccaro, J. Hatzel, John Doe and Peter Poe in acting together and smashing plaintiff's head against the wall, and in failing to prevent said abuse, violated plaintiff's rights under the Fourth Amendment to the United States Constitution to be secure in his person, papers and effects against unreasonable searches and seizures, and/or his right to due process under the Fourteenth Amendment to the United States Constitution, and thus violated 42 U.S.C. § 1983.

32.  The actions of defendants V.C. Vaccaro, J. Hatzel, John Doe and Peter Poe were the direct and proximate cause of the violations of plaintiff's Fourth and/or Fourteenth Amendment

rights, his injuries, mental suffering, anguish and humiliation, loss of personal freedom, and expenses, as set forth more fully above.

WHEREFORE, plaintiff demands actual or compensatory damages against defendants V.C. Vaccaro, J. Hatzel, John Doe and Peter Poe, and because these defendants acted maliciously, wantonly, or oppressively, punitive damages, plus the costs of this action, plus attorneys' fees and such other and additional relief as this Court deems equitable and just.

## COUNT II
### [42 U.S.C. § 1983 Claim for False Arrest and Detention]

33. Plaintiff realleges paragraphs 1 through 32.

34. The actions of defendants V.C. Vaccaro, J. Hatzel, John Doe, Peter Poe and Gwendolyn Beals in falsely arresting plaintiff without probable cause, violated his Fourth Amendment right to be free from unreasonable search and seizure, and thus violated 42 U.S.C. § 1983.

35. The actions of defendants were the direct and proximate cause of the violations of plaintiff's Fourth Amendment rights, injuries, mental suffering, anguish, humiliation, loss of personal freedom, and expenses, as set forth more fully above.

WHEREFORE, pursuant to 42 U.S.C. § 1983, plaintiff demands actual or compensatory damages against defendants V.C. Vaccaro, J. Hatzel, John Doe, Peter Poe and Gwendolyn Beals and because these defendants acted maliciously, wantonly, or oppressively, punitive damages, plus the costs of this action, plus attorneys' fees and such other and additional relief as this Court deems equitable and just.

## COUNT III
### [Claim Under Illinois Law for False Arrest and Detention]

36.  Plaintiff realleges paragraphs 1 through 35.

37.  The actions of defendants V.C. Vaccaro, J. Hatzel, John Doe, Peter Poe and Gwendolyn Beals in falsely arresting plaintiff without probable cause, violated his rights under Illinois law to be free from false arrest.

38.  The actions of defendants in falsely arresting plaintiff were the direct and proximate cause of plaintiff's mental suffering, anguish, humiliation, loss of personal freedom, and expenses, as set forth more fully above.

WHEREFORE, plaintiff demands actual or compensatory damages against defendants V.C. Vaccaro, J. Hatzel, John Doe, Peter Poe and Gwendolyn Beals and because these defendants acted maliciously, wantonly, or oppressively, punitive damages, plus the costs of this action and such other and additional relief as this Court deems equitable and just.

## COUNT IV
### [Pendent State Law Claim for Negligence against Gwendolyn Beals]

39.  Plaintiff realleges paragraphs 1 through 38.

40.  Defendant Gwendolyn Beals had a duty to assist CTA passengers and to permit them access to the CTA station in a non-dangerous manner when they had properly paid their fare.

41.  Defendant Beals breached this duty to plaintiff when she refused to allow him access in a non-dangerous manner to the CTA station to catch a train even though he had paid his fare and thus was entitled to enter the station.

42.  As a result of the actions of defendant Beals plaintiff was force to attempt to gain access to the CTA station by climbing over the turnstile, and as a direct and proximate result was

injured.

43.  As a result of the negligence of defendant Beals, plaintiff suffered physical injuries, and other injuries as set forth above.

WHEREFORE, plaintiff demands actual or compensatory damages against defendant Beals and because she acted maliciously, wantonly, or oppressively, punitive damages, plus the costs of this action and such other and additional relief as this court deems equitable and just.

## COUNT V
### [Pendent State Law Claim for Intentional Infliction of Emotional Distress]

44.  Plaintiff realleges paragraphs 1 through 43.

45.  The conduct and actions of defendants, as set forth above, were extreme and outrageous, were done intentionally, wilfully and wantonly, and/or knowing there was a high probability that their conduct would cause plaintiff severe emotional distress as set forth above.

46.  As a direct and proximate result of defendants' extreme and outrageous conduct, plaintiff was injured and experienced severe emotional distress constituting intentional infliction of emotional distress under Illinois state law.

WHEREFORE, plaintiff demands actual or compensatory damages against defendants plus the costs of this action and such other and additional relief as this court deems equitable and just.

## COUNT VI
### [Claim for *Respondeat Superior* Against Defendant City of Chicago]

47.  Plaintiff realleges paragraphs 1 through 46.

48.  Defendants V.C. Vaccaro, J. Hatzel, John Doe and Peter Poe were, at all times material to this complaint, employees of the defendant City of Chicago, and they were acting in

the scope of their employment, and their acts which violated state law are directly chargeable to defendant City of Chicago under state law pursuant to *respondeat superior*.

WHEREFORE, plaintiff demands judgment for compensatory damages against the City of Chicago, plus the costs of this action and whatever additional relief this Court deems equitable and just.

## COUNT VII
### [Claim for *Respondeat Superior* Against Defendant Chicago Transit Authority]

49.  Plaintiff realleges paragraphs 1 through 46.

50.  Defendant Gwendolyn Beals was, at all times material to this complaint, an employee of the defendant Chicago Transit Authority and she was acting in the scope of her employment, and her acts which violated state law are directly chargeable to defendant Chicago Transit Authority under state law pursuant to *respondeat superior*.

WHEREFORE, plaintiff demands judgment for compensatory damages against the Chicago Transit Authority, plus the costs of this action and whatever additional relief this Court deems equitable and just.

## COUNT VIII
### [745 ILCS 10/9-102 Claim Against Defendant City of Chicago]

51.  Plaintiff realleges paragraphs 1 through 48.

52.  Defendant City of Chicago was the employer of defendants V.C. Vaccaro, J. Hatzel, John Doe and Peter Poe at all times relevant to this complaint.

53.  Defendants V.C. Vaccaro, J. Hatzel, John Doe and Peter Poe committed the acts alleged above in the scope of their employment as employees of the City of Chicago.

WHEREFORE, plaintiff, pursuant to 745 ILCS 10/9-102, demands judgment against the

defendant City of Chicago in the amount awarded to the plaintiff against any and all of these defendants as damages, attorney's fees, costs and interest, and/or for any settlement entered into between the plaintiff and any City of Chicago defendant and for whatever additional relief this Court deems equitable and just.

Dated: January 22, 2008                     Respectfully submitted,


                                            /s/ John L. Stainthorp
                                            John L. Stainthorp
                                            Joey L. Mogul
                                            People's Law Office
                                            1180 N. Milwaukee
                                            Chicago, IL 60622
                                            773/235-0070
                                            Attorneys for Plaintiff

                    **Plaintiff demands trial by jury**