IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RUSSELL GOODMAN ) <br> ) <br> Plaintiff, ) <br> ) <br> ) <br> v. ) <br> ) <br> Chicago Police Officers V.C. VACCARO ) <br> Star # 9267, J. HATZEL, Star #11766, ) <br> JOHN DOE and PETER POE, CITY OF ) <br> CHICAGO, CTA agent GWENDOLYN ) <br> BEALS, and the CHICAGO TRANSIT ) <br> AUTHORITY, ) <br> ) <br> Defendants. ) | No. 08 cv 481 <br><br> JUDGE GUZMAN <br><br> Magistrate Judge Ashman |

CTA DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO STATE A
CLAIM FOR WHICH RELIEF CAN BE GRANTED

Defendant CHICAGO TRANSIT AUTHORITY ("CTA") and Defendant GWENDOLYN BEALS, by their attorneys, hereby move the Court for an order under Fed. R. Civ. P. 12 (b) (6) dismissing Plaintiff's Complaint with prejudice for failing to state a claim for which relief can be granted. In support of its motion, CTA states as follows:

1. This action alleges that Plaintiff was refused entry at a CTA rail station, and that he jumped a turnstile. Plaintiff was injured, and Defendant Beals summoned nearby police officers who arrested Plaintiff.

2. Plaintiff contends In Count II that CTA Defendant Beals violated his civil rights under 42 U.S.C. §1983 by "falsely arresting plaintiff without probable cause." However, CTA customer assistants cannot as a matter of law be government agents acting under color of law.

3. In addition, Ms. Beals had probable cause to summon the police.

4. Moreover, CTA Defendant Beals would be entitled to qualified immunity.

1

5. Moreover, Plaintiff's Count III under state law against Defendant Beals does not state a claim for false arrest or detention because Defendant Beals had probable cause to summon the police.

6. All of Plaintiff's state law claims against CTA Defendants in Counts III, IV, V and VII are barred by Plaintiff's failure to satisfy the strict notice requirements of §41 of the Metropolitan Transit Authority Act.

7. Plaintiff's allegations in Count IV ("Pendent State Law Claim for Negligence") also fail because Plaintiff tries to create a new tort that does not exist.

8. Count V of Plaintiff's Complaint ("Pendent State Law Claim for Intentional Infliction of Emotional Distress") must fail because the conduct alleged by plaintiff does not constitute grounds for IIED as a matter of law. Defendant Beals's conduct does not rise to the level of outrageousness necessary to establish a claim of intentional infliction of emotion distress.

9. Against the CTA itself, Count VII ("Claim for Respondeat Superior Against Defendant CTA") does not state a claim because respondeat superior does not apply in §1983 cases and Plaintiff did not satisfy the requirements of §41. WHEREFORE, for the foregoing and the additional reasons set forth in their memorandum, the CTA Defendants respectfully request that this Court issue an order under Fed. R. Civ. P 12 (b) (6) dismissing Plaintiff's Complaint with prejudice for failing to state a claim for which relief can be granted.

Respectfully submitted,

KAREN ROWAN
General Counsel
Chicago Transit Authority

By:_____/s/_____

Chicago Transit Authority
567 West Lake St.
Chicago, Illinois 60661
(312) 681-3110

Barbara Smith
Managing Attorney

2