UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Russell Goodman, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | No. 08 C 481 |
| ) | |
| Chicago Police Officers V.C. Vaccaro, Star # ) | Judge Guzman |
| 9267, J. Hatzel, Star # 11766, John Doe and ) | |
| Peter Poe, the City of Chicago, CTA agent ) | Magistrate Judge Ashman |
| Gwendolyn Beals and the ) | |
| Chicago Transit Authority, ) | **JURY DEMAND** |
| ) | |
| Defendants. ) | |

**DEFENDANT CITY OF CHICAGO'S ANSWER
AND DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendant the City of Chicago ("the City"), by its attorney, Mara S. Georges, Corporation Counsel for the City of Chicago, answers plaintiff Russell Goodman ("Goodman")'s complaint as follows:

**JURISDICTION**

1. The jurisdiction of the court is invoked pursuant to the Civil Rights Act, 42 U.S.C. § 1983 et seq.; the Judicial Code, 28 U.S.C. §§ 1331 and 1343(a); the Constitution of the United States; and pendent and supplementary jurisdiction, pursuant to 28 U.S.C. § 1367.

**ANSWER:** The City admits that Goodman purports to bring this action pursuant to the Civil Rights Act, 42 U.S.C. § 1983 et seq.; the Judicial Code, 28 U.S.C. §§ 1331 and 1343(a); the Constitution of the United States; and pendent and supplementary jurisdiction, pursuant to 28 U.S.C. § 1367. The City does not contest this Court's jurisdiction, but denies that it has violated any law or statute.

## PARTIES

2.    Plaintiff Russell Goodman is a resident of Houston, Texas who is currently a student at Drexel University in Philadelphia.

**ANSWER:**    The City lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

3.    Defendant City of Chicago, is a municipal corporation, duly incorporated under the laws of the State of Illinois and is the employer of the defendant police officers V.C. Vaccaro, J. Hatzel, John Doe and Peter Poe.

**ANSWER:**    The City admits that it is a municipal corporation, duly incorporated under the laws of the State of Illinois and is the employer of the defendant police officers V.C. Vaccaro and J. Hatzel.  The City lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

4.    Defendant Chicago Transit Authority (CTA) is a municipal corporation, duly incorporated under the laws of the State of Illinois and is the employer of the defendant Gwendolyn Beals.

**ANSWER:**    Upon information and belief, the City admits that the CTA is a municipal corporation, duly incorporated under the laws of the State of Illinois.  The City lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

5.    Defendants V.C. Vaccaro, J. Hatzel, John Doe and Peter Poe were, at the time of this occurrence, duly appointed City of Chicago Police Officers who engaged in the conduct complained of while they were on duty and in the course and scope of their employment with the City of Chicago.  Plaintiff does not currently know the actual names of John Doe and Peter Poe.

**ANSWER:**    The City admits that V.C. Vaccaro and J. Hatzel were, at the time of this occurrence, duly appointed City of Chicago Police Officers.  The City lacks knowledge or

information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

6.     Defendant Gwendolyn Beals is an employee and agent of the Chicago Transit Authority who engaged in the conduct complained of while she was on duty and in the course and scope of her employment.

**ANSWER:**     The City lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

7.     At all times material to this complaint, defendant police officers V.C. Vaccaro, J. Hatzel, John Doe and Peter Poe and defendant CTA employee Gwendolyn Beals were acting under color of state law, ordinance, and/or regulation.  Each is sued in his or her individual capacity.

**ANSWER:**     The City admits that Goodman purports to sue each of the defendant police officers and defendant CTA employee Gwendolyn Beals in his or her individual capacity.  The City lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

## FACTS

8.     On March 27, 2007, after plaintiff and his brother Myles visited a friend in Chicago, they attempted to take a CTA train from the Belmont redline stop, so that they could catch the Amtrak train to return to Philadelphia.

**ANSWER:**     The City lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

9.     At that time, plaintiff purchased $4.00 of transportation value from the CTA by adding that amount to his CTA fare card through the automated fare machine.

**ANSWER:**     The City lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

10. Plaintiff's brother then used the card to enter the turnstile and handed the card to plaintiff, so that he could also gain entry, but the machine would not let him through.

**ANSWER:** The City lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

11. After plaintiff tried again unsuccessfully to use the value on his card to gain entry to the station, he attempted to enlist the assistance of a CTA employee, defendant Gwendolyn Beals.

**ANSWER:** The City lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

12. Defendant Beals verified that the card had value on it, by inserting it into the fare-card issuing machine which confirmed that it had $3.75 remaining value.

**ANSWER:** The City lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

13. Defendant Beals told plaintiff that the card would not work to allow him entry to the station because it was "between transfers," and that the card would not allow him access to the station for a period of 20 minutes.

**ANSWER:** The City lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

14. Plaintiff told Beals that if he was forced to wait 20 minutes he would miss his train to Philadelphia, and asked her to facilitate his entry into the station, since he had obviously paid the required fare.

**ANSWER:** The City lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

15. Defendant Beals refused to assist plaintiff, even though she had the ability to do so, and informed him that he must purchase a new card.

**ANSWER:** The City lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

16. Plaintiff, having paid his fare which entitled him to enter the CTA station and catch a train and not having additional funds immediately available that would allow him to purchase an additional card, and leaving his card in the custody of defendant Beals, then attempted to climb over the turnstile, but fell as he was doing so, and landed on his face, sustaining injuries to his mouth and face.

**ANSWER:** The City lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

17. Plaintiff was bleeding profusely from his mouth and Myles requested that Beals call an ambulance, but she refused to do so and called the police instead, falsely accusing the plaintiff of stealing.

**ANSWER:** The City lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

18. Defendant Chicago Police Department officers V.C. Vaccaro, J. Hatzel, John Doe and Peter Poe responded to Beals' call, came to the Belmont station, and began to taunt the plaintiff, making fun of his injuries and calling him stupid.

**ANSWER:** On information and belief based on a review of Chicago Police Department records, the City admits that on March 27, 2007, CTA personnel at the CTA station located at 945 W. Belmont flagged down defendant Chicago Police Department officers V.C. Vaccaro and J. Hatzel. The City lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

19. When plaintiff's brother, Myles, requested that the officers summon medical attention rather than making fun of the plaintiff, one of the officers asked, "Who the fuck are you?"

**ANSWER:** The City lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

20. When plaintiff responded, "Who the fuck are you?" two of the defendant officers grabbed plaintiff and shoved him against the wall, one defendant officer cuffed plaintiff's left hand behind his back, another defendant officer grabbed plaintiff's right arm, and a third defendant officer grabbed plaintiff's head and smashed it against the wall.

**ANSWER:** The City lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

21. As a result of this attack by the defendant officers, acting together, plaintiff suffered a laceration on his left eyebrow and blunt trauma to the side of his face, causing bleeding and swelling of his face, nose, and head.

**ANSWER:** The City lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

22. Plaintiff and his brother requested that the police defendants call an ambulance so that plaintiff could receive medical attention, but the defendants refused to do so.

**ANSWER:** The City lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

23. Plaintiff's brother, Myles, then called for an ambulance.

**ANSWER:** The City lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

24. Defendant Beals falsely alleged to the police officers that plaintiff had attempted to enter the station without paying his fare, although she knew that he had in fact paid his fare

and that he was forced to climb over the turnstile because she refused to assist him in gaining access to the station through conventional means.

**ANSWER:** The City lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

25. Because of these false allegations by defendant Beals, plaintiff was arrested.

**ANSWER:** The City lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

26. Plaintiff and his brother informed the defendant police officers that plaintiff had in fact paid his fare, and that it was only because CTA and its agents had refused to allow him access to the station in a conventional manner that he was forced to climb the turnstile.

**ANSWER:** The City lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

27. Defendant police officers arrested plaintiff, although they were aware of facts which demonstrated that there was no probable cause to believe he was guilty of any offense.

**ANSWER:** On information and belief based on a review of Chicago Police Department records, the City admits that defendant Chicago Police Department officers V.C. Vaccaro and J. Hatzel arrested Goodman and charged him with theft of services. The City lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

28. Plaintiff was taken to the hospital and then to a police station where he was held for approximately eight hours, before he was released on a $1,000 personal recognizance bond.

**ANSWER:** On information and belief based on a review of Chicago Police Department records, the City admits that on March 27, 2007, Goodman was taken to Thorek hospital and that on March 28, 2007, he was released on a $1,000 personal recognizance bond. The City lacks

knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

29. As a result of the acts of the defendants set forth above, plaintiff suffered physical and mental pain and suffering, mental anguish, extreme mental distress, financial loss and loss of liberty.

**ANSWER:** The City lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

## COUNT I
## [42 U.S.C. § 1983 Claim for Excessive Force]

30. Plaintiff realleges paragraphs 1 through 29.

**ANSWER:** The City restates its answers to paragraphs 1 through 29.

31. The acts of defendants V.C. Vaccaro, J. Hatzel, John Doe and Peter Poe in acting together and smashing plaintiff's head against the wall, and in failing to prevent said abuse, violated plaintiff's rights under the Fourth Amendment to the United States Constitution to be secure in his person, papers and effects against unreasonable searches and seizures, and/or his right to due process under the Fourteenth Amendment to the United States Constitution, and thus violated 42 U.S.C § 1983.

**ANSWER:** The City lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

32. The actions of defendants V.C. Vaccaro, J. Hatzel, John Doe and Peter Poe were the direct and proximate cause of the violations of plaintiff's Fourth and/or Fourteenth Amendment rights, his injuries, mental suffering, anguish and humiliation, loss of personal freedom, and expenses, as set forth more fully above.

**ANSWER:** The City lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

## COUNT II
### [42 U.S.C. § 1983 Claim for False Arrest and Detention]

33.     Plaintiff realleges paragraphs 1 through 32.

**ANSWER:**     The City restates its answers to paragraphs 1 through 32.

34.     The actions of defendants V.C. Vaccaro, J. Hatzel, John Doe, Peter Poe and Gwendolyn Beals in falsely arresting plaintiff without probable cause, violated his Fourth Amendment right to be free from unreasonable search and seizure, and thus violated 42 U.S.C. § 1983.

**ANSWER:**     The City lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

35.     The actions of defendants were the direct and proximate cause of the violations of plaintiff's Fourth Amendment rights, injuries, mental suffering, anguish, humiliation, loss of personal freedom, and expenses, as set forth more fully above.

**ANSWER:**     The City lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

## COUNT IV
### [Claim Under Illinois Law for False Arrest and Detention]

36.     Plaintiff realleges paragraphs 1 through 35.

**ANSWER:**     The City restates its answers to paragraphs 1 through 35.

37.     The actions of defendants V.C. Vaccaro, J. Hatzel, John Doe, Peter Poe and Gwendolyn Beals in falsely arresting plaintiff without probable cause, violated his rights under Illinois law to be free from false arrest.

**ANSWER:**     The City lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

38. The actions of defendants in falsely arresting plaintiff were the direct and proximate cause of plaintiff's mental suffering, anguish, humiliation, loss of personal freedom, and expenses, as set forth more fully above.

**ANSWER:** The City lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

## COUNT IV
### [Pendent State Law Claim for Negligence against Gwendolyn Beals]

39. Plaintiff realleges paragraphs 1 through 38.

**ANSWER:** The City restates its answers to paragraphs 1 through 38.

40. Defendant Gwendolyn Beals had a duty to assist CTA passengers and to permit them access to the CTA station in a non-dangerous manner when they had properly paid their fare.

**ANSWER:** To the extent these allegations are directed towards the City, the City lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

41. Defendant Beals breached this duty to plaintiff when she refused to allow him access in a non-dangerous manner to the CTA station to catch a train even though he had paid his fare and thus was entitled to enter the station.

**ANSWER:** To the extent these allegations are directed towards the City, the City lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

42. As a result of the actions of defendant Beals plaintiff was force [sic] to attempt to gain access to the CTA station by climbing over the turnstile, and as a direct and proximate result was injured.

**ANSWER:** To the extent these allegations are directed towards the City, the City lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

43. As a result of the negligence of defendant Beals, plaintiff suffered physical injuries, and other injuries as set forth above.

**ANSWER:** To the extent these allegations are directed towards the City, the City lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

## COUNT V
### [Pendent State Law Claim for Intentional Infliction of Emotional Distress]

44. Plaintiff realleges paragraphs 1 through 43.

**ANSWER:** The City restates its answers to paragraphs 1 through 43.

45. The conduct and actions of defendants, as set forth above, were extreme and outrageous, were done intentionally, wilfully and wantonly, and/or knowing there was a high probability that their conduct would cause plaintiff severe emotional distress as set forth above.

**ANSWER:** The City denies these allegations to the extent they are directed towards the City. The City lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

46. As a direct and proximate result of defendants' extreme and outrageous conduct, plaintiff was injured and experienced severe emotional distress constituting intentional infliction of emotional distress under Illinois state law.

**ANSWER:** The City denies these allegations to the extent they are directed towards the City. The City lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

## COUNT VI
### [Claim for Respondeat Superior Against Defendant City of Chicago]

47. Plaintiff realleges paragraphs 1 through 46.

**ANSWER:** The City restates its answers to paragraphs 1 through 46.

48. Defendants V.C. Vaccaro, J. Hatzel, John Doe and Peter Poe were, at all times material to this complaint, employees of the defendant City of Chicago, and they were acting in the scope of their employment, and their acts which violated state law are directly chargeable to defendant City of Chicago under state law pursuant to *respondeat superior*.

**ANSWER:** The City admits that defendant police officers V.C. Vaccaro and J. Hatzel were at all times material to this complaint employees of the City. Goodman's allegation that the actions of City employees which violated state law are directly chargeable to defendant City of Chicago under state law pursuant to *respondeat superior* is a vague, incomplete, or incorrect statement of the applicable law, and therefore the City denies this allegation. Defendant City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained within this paragraph.

## COUNT VII
### [Claim for *Respondeat Superior* Against Defendant Chicago Transit Authority]

49. Plaintiff realleges paragraphs 1 through 46.

**ANSWER:** The City restates its answers to paragraphs 1 through 46.

50.     Defendant Gwendolyn Beals was, at all times material to this complaint, an employee of the defendant Chicago Transit Authority and she was acting in the scope of her employment, and her acts which violated state law are directly chargeable to defendant Chicago Transit Authority under state law pursuant to *respondeat superior*.

**ANSWER:**     Defendant City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within this paragraph.

## COUNT VIII
### [745ILCS 10/9-102 Claim Against Defendant City of Chicago]

51.     Plaintiff realleges paragraphs 1 through 48.

**ANSWER:**     The City restates its answers to paragraphs 1 through 48.

52.     Defendant City of Chicago was the employer of defendants V.C. Vaccaro, J. Hatzel, John Doe and Peter Poe at all times relevant to this complaint.

**ANSWER:**     The City admits that defendant police officers V.C. Vaccaro and J. Hatzel were at all times material to this complaint employees of the City.  Defendant City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained within this paragraph.

53.     Defendants V.C. Vaccaro, J. Hatzel, John Doe and Peter Poe committed the acts alleged above in the scope of their employment as employees of the City of Chicago.

**ANSWER:**     Defendant City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within this paragraph.

Wherefore, the City prays that this Court enter judgment in its favor on Goodman's complaint, award the City such costs and fees as allowed by law, and grant such further relief as this Court deems just and proper.

**DEFENSES**

1. The Illinois Local Governmental and Governmental Employees Tort Immunity Act ("the Tort Immunity Act") does not require the City to pay any tort judgment or settlement for any damages for which its employee was acting outside the scope of his employment. 745 ILCS 10/9-102 (2006); see also Wright v. City of Danville, 174 Ill. 2d 392 (1996).

2. The City is not liable to Goodman if its employees or agents are not liable to Goodman. 745 ILCS 10/2-109 (2006).

3. To the extent that any employee or agent of the City was acting within the scope of his or her employment, that employee or agent is not liable for his or her acts or omissions in the execution or enforcement of the law, unless such act or omission constitutes wilful and wanton conduct. 745 ILCS 10/2-202 (2006).

4. The City is not liable for any injury caused by the act or omission of another person. 745 ILCS 10/2-204 (2006).

5. Under the Tort Immunity Act, the City is not required to pay punitive or exemplary damages in any action brought directly or indirectly against it by the injured party or a third party. 745 ILCS 10/2-102 (2006).

6. As to Goodman's state law claims, the City is not liable to pay attorney's fees as "the law in Illinois clearly is that absent a statute or contractual agreement 'attorney fees and the ordinary expenses and burdens of litigation are not allowable to the successful party.'" See Kerns v. Engelke, 76 Ill.2d. 154, 166 (1979) (citations omitted).

7. To the extent any injuries or damages claimed by Goodman were proximately caused, in whole or in part, by the negligent, willful, wanton and/or other wrongful conduct on

the part of the plaintiff, any verdict or judgment obtained by Goodman, any verdict or judgment obtained by Goodman must be reduced by application of the principles of comparative fault, by an amount commensurate with the degree of fault attributed to Goodman by the jury in this cause.

## JURY DEMAND

The City requests a trial by jury.

                                              Respectfully submitted,

                                              MARA S. GEORGES
                                              Corporation Counsel of the
                                              City of Chicago

                        By:    /s/ Timothy L. Swabb
                                              TIMOTHY L. SWABB
                                              Assistant Corporation Counsel

30 North LaSalle Street, Suite 1020
Chicago, Illinois 60602
(312) 744-7630