UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **Russell Goodman,** | ) | |
| | ) | |
| Plaintiff, | ) | No. 08 C 481 |
| | ) | |
| vs. | ) | |
| | ) | Judge Guzman |
| **Chicago Police Officers V.C. Vaccaro,** | ) | |
| **Star # 9267, J. Hatzel, Star # 11766,** | ) | |
| **John Doe and Peter Poe, the City of** | ) | Magistrate Judge Ashman |
| **Chicago, CTA agent Gwendolyn Beals** | ) | |
| **and the Chicago Transit Authority,** | ) | |
| | ) | |
| Defendants. | ) | |

**Plaintiff's Response to Defendant CTA and Beals' Motion to Dismiss**

Defendants Chicago Transit Authority (C TA) and CTA agent Gwendolyn Beals have moved to dismiss certain counts of plaintiff's complaint pursuant to Fed. R. Civ. Proc. 12(b)(6), asserting that it fails to state any claim for which relief can be granted.  Because the motion does set forth viable claims against the CTA and Ms. Beals in the relevant counts, the motion should be denied.

**FACTS**

Plaintiff's complaint alleges that on March 27, 2007, plaintiff attempted to take a CTA train from the Belmont redline stop, so that he and his brother could catch the Amtrak train to return to plaintiff's home in Philadelphia.  Cpt. ¶ 8.  Plaintiff purchased $4.00 of transportation value from the CTA by adding that amount to his CTA fare card through the automated fare machine, but when he attempted to use the care to gain entry through the turnstile the machine would not let him through.  Cpt. ¶¶ 9-10.  After plaintiff again tried again unsuccessfully to use

1

the value on his card to gain entry to the station, he attempted to enlist the assistance of a CTA employee, defendant Gwendolyn Beals. Cpt. ¶ 11.  Defendant Beals took the card and verified that it had sufficient value on it, by inserting it into the fare-card issuing machine which confirmed that it had $3.75 remaining value.  Cpt. ¶ 12.  Beals refused to assist plaintiff in gaining entry to the station, even though she had the ability to do so, and informed him that he must purchase a new card. Cpt. ¶ 15.  Since plaintiff had already paid his fare which entitled him to enter the CTA station and catch a train and because he did not have money immediately available that would allow him to purchase an additional card, plaintiff attempted to climb over the turnstile, but fell as he was doing so, and landed on his face, sustaining injuries to his mouth and face.  Cpt. ¶ 16.  Beals then refused to call for medical assistance but did call the police, and accused the plaintiff of stealing, although she knew that he had in fact paid his fare.  Cpt. ¶ 17.  Defendant Beals falsely alleged to the police officers that plaintiff had attempted to enter the station without paying his fare, although she knew that he had in fact paid his fare and that he was forced to climb over the turnstile because she refused to assist him in gaining access to the station through conventional means.  Cpt. ¶ 24.  As a result of the false allegations by defendant Beals, plaintiff was arrested.  Cpt. ¶ 25.

**LEGAL STANDARD**

A defendant must meet a high standard in order to have a complaint dismissed for failure to state a claim upon which relief may be granted.  *Munoz v. Chicago Sch. Reform Bd. of Bd. of Trustees*, 2000 U.S. Dist. LEXIS 1559 (N.D. Ill.).  In ruling on a motion to dismiss, the court must construe the complaint's allegations in the light most favorable to the plaintiff and all well-pleaded facts and allegations in the plaintiff's complaint must be taken as true. *Conley v.*

*Gibson*, 355 U.S. 41, 45 (1957); *Bontkowski v. First Nat'l Bank of Cicero*, 998 F.2d 459, 461 (7th Cir. 1993). The allegations of a complaint should not be dismissed for failure to state a claim "unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief," *Conley v. Gibson*, 355 U.S. 41 (1957), and "the plaintiff is entitled to all reasonable inferences that can be drawn from the complaint." *Ellsworth v. Racine*, 774 F.2d 182, 184 (7th Cir. 1985). In order to withstand a motion to dismiss, a complaint must allege facts sufficiently setting forth the essential elements of the cause of action. *Lucien v. Preiner*, 967 F.2d 1166, 1168 (7th Cir. 1992).

> Complaints in federal court need only satisfy a notice pleading standard. See Fed. R. Civ. P. 8(a)(2); *Bell Atl. Co. v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007). This standard requires plaintiffs to meet only two requirements. First, the complaint must describe the claim in sufficient detail to give the defendant "fair notice of what the claim is and the grounds upon which it rests."*Bell Atl*., 127 S.Ct. at 1964; *EEOC v. Concentra Health Services, Inc.*, 496 F.3d 773, 776 (7th Cir. 2007). Second, the complaint's allegations must plausibly suggest that the plaintiff has a right to relief. *Bell Atl*., 127 S.Ct. at 1964; *Concentra*, 496 F.3d at 776.

*Ferrell v. Harrington*, 2007 U.S. Dist. LEXIS 82162 (N.D. Ill.).

1. **Plaintiff Has Sufficiently Alleged a Claim under 42 U.S.C.. § 1983 Against CTA Agent Beals.**

    **a. Plaintiff has sufficiently alleged Beals was acting under color of state law.**

Defendants have acknowledged that the CTA is a municipal corporation and that Beals was its employee (Memorandum at 5), appear to have acknowledged that Beals was a public employee, i.e., was a state actor (Memorandum at 6), but have claimed that Count II of the complaint should be dismissed against Beals because, as a matter of law, Beals was not acting under color of state law. In making this argument, the CTA ignores the holding of *Conley v. Gibson* that the allegations of the complaint must be viewed in the light most favorable to the

plaintiff, and that all reasonable inferences should be drawn in favor of the plaintiff.

In determining whether a state actor was acting under color of state law, the court must look to the nature of the actor's assigned powers and duties and determine whether the challenged action is related to the state authority conferred on the actor and whether it bears similarity to the nature of the defendant's assigned power and duties. *Lara v. Chi. Transit Auth.*, 2007 U.S. Dist. LEXIS 36509 * 8 (N.D. Ill.); *Mainor v. Chicago Transit Authority*, 2005 U.S. Dist. LEXIS 27859 (N.D. Ill.).

Here, the CTA has provided no statutory citation setting forth the duties of a CTA agent such as Ms. Beals and no job description, but it is reasonable to infer that such agents are positioned at station entrances to conduct various duties, including to ensure that passengers properly pay their fares, to assist passengers when turnstiles malfunction, to ensure that passengers are afforded safe passage to the trains, to help passengers who are unfamiliar with the manner in which they should pay their fare, to note when passengers are attempting to evade paying their fare and request the arrest of those who do not pay their fare, to ensure that passengers behave in an orderly fashion and contact police when they do not so they can be removed, to determine who is entitled to be present on CTA property and who is not and direct the police to remove those who may not remain on CTA property, and multiple similar functions. It is also reasonable to infer that police officers will accord CTA employees such as Ms. Beals considerable authority in determining who has violated CTA rules and who has not, who should be removed from the station and who should not, and who should be arrested and who should not. These inferences can be fleshed out in depositions and document discovery in this case, but certainly appear reasonable at this time.

"Where a state actor has knowingly abused his or her state-conferred authority as a state actor by requesting and causing a plaintiff to be arrested and providing information known to be false to police officers, however, the state actor may be considered liable under § 1983. *Yeksigian v. Nappi*, 900 F.2d 101, 102-03 (7th Cir. 1990); *Frazier v. Bd. of Educ. of the City of Chicago*, 2003 U.S. Dist. LEXIS 10946 (N.D. Ill.)." *Lara v. Chi. Transit Auth.*, 2007 U.S. Dist. LEXIS 36509 at *8. *See also Ferrell v. Harrington*, 2007 U.S. Dist. LEXIS 82162, 5-6 (N.D. Ill. ) ("At this stage we cannot say whether Harrington's position as a bus driver gave her the authority to keep order on her bus by liaising with the police. Nor can we say that if she possessed that authority she willingly misused it to cause plaintiff's arrest. But the purpose of a motion to dismiss is to test the sufficiency of the complaint, not to decide the case on the merits. Recovery is plausible, and thus plaintiff has sufficiently alleged the personal responsibility requirement of § 1983."); and *Munoz v. Chicago Sch. Reform Bd. of Bd. of Trustees,* 2000 U.S. Dist. LEXIS 1559 at 12-13 (principal and assistant principal acted under color of state law when they harassed parents at school).

Here, there is no doubt that Beals had special state-conferred authority as a state actor, and that this authority was directly related to regulation of the entrance to the Belmont station. It was her job to ensure that people who had properly paid their fare obtained safe access to the station, and her job to ensure that thieves should be arrested by the police. The fact that she herself was not a peace officer, and that she had none of the special powers possessed by a peace officer, is in no way determinative of whether she was acting under color of state law when she obtained the arrest of plaintiff by falsely alleging that he was trying to enter into the station without paying his fare. Plaintiff's allegations are very similar to those held sufficient in *Lara v.*

5

*Chi. Transit Auth.*, and they should also be held sufficient here.

      **b. Plaintiff has sufficiently alleged that Beals participated in his arrest.**

Defendant Beals has argued that she is not liable under Count II because she merely gave information to the police, and merely giving information to the police is insufficient to constitute participation in the arrest. This contention is contradicted by both the law and the facts.

First, plaintiff has not just alleged that Beals simply gave information to the police. Rather, the complaint alleges that she used her position as an authorized CTA agent to first call the police and then obtain his arrest by falsely alleging to the police that plaintiff had not paid his fare. Moreover, where the allegation is that the defendant used her position as a state employee to encourage the arrest of the plaintiff, and made false allegations to obtain that arrest, the defendant may be liable under § 1983. *Yeksigian v. Nappi*, 900 F.2d 101, 102-03 (7th Cir. 1990).

      **c. Plaintiff has sufficiently alleged that Defendant Beals lacked probable cause.**

Defendant Beals has argued that Count II of plaintiff's complaint against her should be dismissed because she had probable cause to have him arrested.

Plaintiff has alleged that he paid his fare, that Beals knew he had paid his fare, that Beals had custody of his fare card, and that Beals acknowledged that it was only because of an apparent malfunction of the card and turnstile that the turnstile would not properly open. Plaintiff has also alleged that it was Beals' job to ensure that CTA passengers were able to obtain safe access to the CTA platform, and that she violated this duty by failing to unlock the turnstile, which she had the ability to do. Nevertheless, according to defendant, plaintiff committed the crime of theft of services when he attempted to obtain what he had just paid for - use of the CTA train.

Theft of services requires an intent to steal. *People v. Middleton*, 43 Ill. App. 3d 1030,

1038 (1st Dist. 1976). Here, Beals knew that plaintiff had paid his fare, knew that he had attempted to enlist her help in getting what he paid for, and knew that the turnstile was not functioning properly to allow plaintiff to enter. Where a turnstile is not functioning properly, and a customer enters or attempts to enter through it, that does not constitute theft of services. *Marchetta v. Chicago Transit Auth.*, 2002 U.S. Dist. LEXIS 1679, 7-9 (N.D. Ill.); *see also Petersen v. Gibson*, 1998 U.S. Dist. LEXIS 12495 (N.D. Ill.) (officer's knowledge of dispute over value of haircut negated probable cause to arrest for theft of services).

      Defendant claims that plaintiff was attempting to pay for services in a manner not utilized by the business, but that is clearly not accurate. The CTA had advertised that customers could gain access to the station and use the CTA trains by depositing money in a fare machine and obtaining a fare card, plaintiff had heeded this advertisement and followed the CTA's instructions by putting dollar bills in the fare machine, and had thereby purchased the right to ride on the CTA trains. He then attempted to use the fare card in precisely the manner indicated by the CTA, but the turnstile would not operate correctly. The refusal of CTA agent Beals to assist him in obtaining what he had already paid for does not mean that the CTA did not consent to him riding on the CTA. Indeed, the CTA had indicated that it wanted him to ride on the CTA, so long as he paid his fare, by making a fare machine publicly available. Moreover, defendant Beals knew that he had paid his fare and knew that he was not attempting to enter without paying since he had given her the fare card, which she had used to check the value, prior to attempting to climb over the turnstile.

      Plaintiff has adequately pled that he paid his fare, that Beals knew he had paid his fare, and that he obviously was not attempting to steal anything in his efforts to gain entrance to the

station. He has therefore sufficiently alleged that she made false allegations to the police and knew that probable cause for his arrest was lacking.

### d. Beals is not entitled to qualified immunity.

Beals has also requested qualified immunity on Count II, appearing to argue that it was not clearly established that she was acting under color of law, that her act of summoning the police would be entitled to immunity, and that she did not violate plaintiff's clearly established constitutional right in refusing him access to the station.

Beals misapprehends the claims of plaintiff, and as to those claims qualified immunity clearly does not apply. Plaintiff's constitutional claim against Beals is not that she refused him access to the station or summoned the police, it is that she had him arrested by falsely alleging that he had failed to pay his fare. At the time of this incident it was clearly established under state law that a CTA customer was not guilty of theft of services where he did not intend to steal the services, *People v. Middleton*, 43 Ill. App. 3d at 1038, and that a CTA customer entering a station where the turnstile was malfunctioning was not guilty of theft of services. *Marchetta v. Chicago Transit Auth.*, 2002 U.S. Dist. LEXIS 1679, 7-9. Thus, there was no question that plaintiff was not guilty of theft of services and Beals knew it. At the time of this incident it was a constitutional violation to arrest someone without probable cause, and this right was clearly established. Beals is therefore not entitled to qualified immunity.

Beals' claim that she is entitled to immunity because it was not clearly established that she acted under color of state law must also be rejected. As the Seventh Circuit held in *Rambo v. Daley*, 68 F.3d 203 (7th Cir. 1995),

The defendants' contention that they acted as private citizens when they arrested

> Rambo is inconsistent with their qualified immunity defense. Qualified immunity was designed to prevent the 'distraction of officials from their governmental duties.' *Harlow*, 457 U.S. at 816. The purpose of qualified immunity is 'to safeguard government, and thereby to protect the public at large, not to benefit its agents.' *Wyatt v. Cole*, 504 U.S. 158, 168 (1992). Because of its narrow policy justifications, qualified immunity, as articulated in Harlow, is not available for private defendants who have acted under color of law. *Wyatt*, 504 U.S. at 168-69. Similarly, qualified immunity cannot protect public defendants, as in this case, who claim they have acted as 'private citizens' rather than 'public officials.'

*Rambo v. Daley*, 68 F.3d 203, 206.

Moreover, qualified immunity looks at whether the applicable constitutional right has been clearly established, not at whether the defendant may properly be held liable for violation of that right. *See, e.g., Brosseau v. Haugen*, 543 U.S. 194, 202 (2004) (qualified immunity is available "whenever a suit against an officer is based on the alleged violation of a constitutional right that has not been clearly established," citing *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982); *Saucier v. Katz*, 533 U.S. 194, 201 (2001) (initial inquiry in determining qualified immunity is whether the facts alleged show the officer's conduct violated a constitutional right); *Siegert v. Gilley*, 500 U.S. 226, 231 (1991) (qualified immunity analysis must first determine whether the complaint alleges the violation of a clearly established constitutional right); *Via v. Lagrand*, 469 F.3d 618, 620 (7th Cir. Ill. 2006) ("a defendant is entitled to qualified immunity if the alleged constitutional right was not clearly established at the time of the alleged violation"); *Jones v. Wilhelm*, 425 F.3d 455, 460 (7th Cir. 2005) ("the doctrine of qualified immunity shields government officials against suits arising out of their exercise of discretionary functions 'as long as their actions could reasonably have been thought consistent with the rights they are alleged to have violated.' *Anderson v. Creighton*, 483 U.S. 635, 638 (1987)"); *Lanigan v. Village of E. Hazel Crest*, 110 F.3d 467, 472 (7th Cir. 1997). Since it was clearly established at the time of the

incident that an arrest without probable cause was unconstitutional, and that a person who had paid his fare was not guilty of theft of services from the CTA, defendant Beals is not entitled to qualified immunity.

**2.     Plaintiff has adequately pled his state law claims against the CTA.**

    a.     **Plaintiff filed Adequate Notice of Claims.**

Defendant CTA argues that Counts III, IV, V and VII should be dismissed because plaintiff failed to comply with Section 41 of the Metropolitan Transit Authority Act, which requires a Notice of Claim from the plaintiff within six months. In so doing, defendants go beyond the boundaries of the complaint, which is improper under Fed. R. Civ. Proc. 12(b)(6). But the defendants' claim is deficient for yet another reason - they attach only a part of the claim which plaintiff filed with the CTA and when the full claim is considered it is clear that plaintiff fully complied with the Notice of Claim provisions.

The additional portion of the claim is attached hereto as exhibit A. By letter dated September 19, 2007, well within the six months provided by the statute, plaintiff remedied any possible defects in original claim and then provided even more information to the CTA on September 27, as soon as he received medical bills from the providers. Exhibit B[1]. Thus, he provided the exact date of the incident, the exact location where he received medical treatment - Thorek Hospital - and the precise names of the doctors who attended to him and provided him medical treatment at that hospital. He thus fully complied with the Notice of Claim statute.

---

[1]This addendum was also timely since it was mailed within six months of the incident. See *Tolve v. Ogden Chrysler Plymouth*, 324 Ill. App. 3d 485, 492 (2d Dist. 2001).

.

> **b.  Plaintiff's Claim for Intentional Infliction of Emotional Distress should not be dismissed.**

Defendant CTA claims that in Count V plaintiff has failed to adequately plead the elements of the Illinois tort of intentional infliction of emotional distress.

In this case, plaintiff has alleged that defendant Beals wrongfully denied plaintiff access to the CTA station although she knew that he had paid his fare and knew that he would miss his train to return to Philadelphia as a result of her actions, that as a result of this denial he was injured when he attempted to climb over the turnstile, that when Beals saw that he was seriously injured because of her failure to do her job and facilitate his safe entrance into the station she failed to call medical personnel to render urgently needed medical care, and that she then made false allegations in a successful effort to have him arrested. This certainly is the type of behavior about which many reasonable civilians would exclaim "outrageous," and is not the type of conduct which most reasonable people would be expected to endure. It thus meets the legal standards set forth by the defendants. Moreover, recovery for intentional infliction of emotion distress has been allowed in other cases with fact patterns less outrageous that this. *See, e.g., Graham v. Commonwealth Edison Co.*, 318 Ill. App.3d 736 (1st Dist. 2000) (transfer and demotion for reporting safety violations); *Rekosh v. Parks*, 316 Ill. App.3d 58 (2nd Dist. 2000) (mistaken cremation); *Koehler v. Scandinavian Airlines Systems*, 285 Ill. App.3d 520 (1st Dist. 1996) (arrest); *Cohen v. Smith*, 269 Ill. App.3d 1087 (5th Dist. 1995) (nurse viewed plaintiff's naked body during medical treatment in violation of plaintiff's religious beliefs); *Kolegas v. Heftel Broadcasting Corp.*, 154 Ill. 2d 1, 22 (1992) (defendants stated on a radio show that "[plaintiff's] wife was so hideous that no one would marry her except under duress . . . [and]

broadcast statements implying that plaintiff's wife and five-year-old child had deformed heads.").

Plaintiff has therefore pled the elements of a cause of action for intentional infliction of emotional distress, and Count V should not be dismissed.

### c. Plaintiff's claim against the CTA for failure to allow him safe access to the station is recognized under Illinois law.

Defendants have claimed that Count IV of plaintiff's complaint, which sets forth a claim of negligence against Beals and the CTA, alleges a tort unrecognized by Illinois law. In fact, plaintiff's claim - the duty of a carrier to provide safe access to a station - is of the type which has always been accepted in Illinois. It is fundamental that,

> The obligation of care on the part of a railroad company extends to all the accessories of its business, among which are stations or depots. These must be constructed and arranged with care, properly lighted when dark and otherwise made safe and convenient for persons lawfully entering therein for the transaction of business. But in these as in other matters the company is only bound to use ordinary care, except in favor of passengers. -- Shearman & Redfield on Negligence, sec. 447.

*Davis v. South S. E. R. Co.*, 292 Ill. 378, 382 (1920). *See also Skelton v. Chicago Transit Authority*, 214 Ill. App. 3d 554, 574 (1st Dist. 1991) ( 1st Dist. 1991) (A carrier has a duty to provide a safe means of ingress and egress for its passengers).

Plaintiff has clearly alleged that Beals and the CTA violated this duty when they forced him to have to climb over the turnstile in order to obtain the services which he had purchased.

### d. Defendant CTA is liable pursuant to Respondeat Superior.

Defendant CTA claims that it is not liable under Count VII of plaintiff's complaint because there can be no *respondeat superior* liability under 42 U.S.C. § 1983. In fact, plaintiff specifically limited his *respondeat* claim against the CTA to state claims, so the CTA's arguments are misplaced. Complaint ¶ 48. Also, plaintiff did not plead a *Monell* policy and practice claim, so defendants'

arguments to dismiss such a claim are irrelevant.

There is no question that the CTA is liable for the torts of its employees, see, e.g., *Atwood v. Chicago Transit Auth.*, 253 Ill. App. 3d 1, 4 (1st Dist. 1993), so *respondeat superior* does apply to the state law negligence allegations.

**CONCLUSION**

Plaintiff has set forth viable claims against defendants CTA agent Beals and the CTA, and these defendants motion to dismiss certain counts of the complaint against them should be denied in its entirety.

Dated: May 9, 2008                                                Respectfully Submitted,


/s/ John L. Stainthorp
John L. Stainthorp
People's Law Office
1180 N. Milwaukee
Chicago, IL 60622
773 235 0070

Attorney for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **Russell Goodman,** | ) | |
| | ) | |
| **Plaintiff,** | ) | No. 08 C 481 |
| | ) | |
| vs. | ) | Judge Guzman |
| | ) | |
| **Vaccaro et al.,** | ) | Magistrate Judge Ashman |
| | ) | |
| **Defendants.** | ) | |

**Certificate of Service**

To:    Barbara Smith                              Timothy L. Swabb
        Chicago Transit Authority         30 North LaSalle Street, Suite 1020
        567 W Lake St 6th Floor           Chicago, Illinois 60602
        Chicago, IL 60661-1498

       On May 9, 2008, I filed with the United States District Court for the Northern District of Illinois the **Plaintiff's Response to Defendant CTA and Beals' Motion to Dismiss**, a copy of which is hereby served upon you via the court's ECF system.

                                                             /s/ John L. Stainthorp
                                                             John L. Stainthorp