UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Russell Goodman, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 08 C 481 |
| | ) | |
| Chicago Police Officers V. C. Vaccaro, | ) | Judge Guzman |
| Star # 9267, J. Hatzel, Star # 11766, | ) | |
| John Doe and Peter Poe, the City of | ) | |
| Chicago, CTA agent Gwendolyn Beals | ) | |
| and the Chicago Transit Authority, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS HATZEL AND VACARRO'S
ANSWER TO PLAINTIFF'S COMPLAINT**

Defendants Joseph Hatzel and Vincent Vaccaro ("Hatzel" and "Vaccaro") by their attorney, Alec M.. McAusland, Senior Asst. Corporation Counsel, make the following answer, affirmative defenses and jury demand in response to plaintiff's Complaint.

**JURISDICTION**

1.  The jurisdiction of the court is invoked pursuant to the Civil Rights Act, 42 U.S.C. § 1983 et seq.; the Judicial Code, 28 U.S.C. §§ 1331 and 1343(a); the Constitution of the United States; and pendent and supplementary jurisdiction, pursuant to 28 U.S.C. § 1367.

   **ANSWER:** Hatzel and Vaccaro admit that jurisdiction is proper in this court.

**PARTIES**

2.  Plaintiff Russell Goodman is a resident of Houston, Texas who is currently a student at Drexel University in Philadelphia.

   **ANSWER:** Hatzel and Vaccaro admit, on information and belief, that plaintiff is a resident of Houston, Texas. Hatzel and Vaccaro are without knowledge or information sufficient

to form a belief as to the truth or falsity of the remaining allegations of paragraph 2.

　　　　3.　　Defendant City of Chicago, is a municipal corporation, duly incorporated under the laws of the State of Illinois and is the employer of the defendant police officers V. C. Vaccaro, J. Hatzel, John Doe and Peter Poe.

　　　　**ANSWER:**　　Hatzel and Vaccaro admit the allegations of paragraph 3.

　　　　4.　　Defendant Chicago Transit Authority (CTA is a municipal corporation, duly incorporated under the laws of the State of Illinois and is the employer of the defendant Gwendolyn Beals.

　　　　**ANSWER:**　　Hatzel and Vaccaro admit the allegations of paragraph 4.

　　　　5.　　Defendants V. C. Vaccaro, J. Hatzel, John Doe and Peter Poe were, at the time of this occurrence, duly appointed City of Chicago Police Officers who engaged in the conduct complained of while they were on duty and in the course and scope of their employment with the City of Chicago. Plaintiff does not currently known the actual names of John Doe and Peter Poe.

　　　　**ANSWER:**　　Hatzel and Vaccaro deny, consistent with their answers below, that they

engaged in the conduct complained of. Hatzel and Vaccaro admit they were on duty, and acting

within the scope of their employment during their encounter with plaintiff. Hatzel and Vaccaro

are without knowledge or information sufficient to form a belief as to the remaining allegations

of paragraph 5.

　　　　6.　　Defendant Gwendolyn Beals is an employee and agent of the Chicago Transit Authority who engaged in the conduct complained of while she was on duty and in the course and scope of her employment.

　　　　**ANSWER:**　　Hatzel and Vaccaro admit the allegations of paragraph 6.

　　　　7.　　At all times material to this complaint, defendant police officers V. C. Vaccaro, J. Hatzel, John Doe and Peter Poe and defendant CTA employee Gwendolyn Beals were acting under color of state law, ordinance, and/or regulation. Each is sued in his or her individual capacity.

　　　　**ANSWER:**　　Hatzel and Vaccaro admit they were acting under color of law. Hatzel and

Vaccaro are without knowledge or information sufficient to form a belief as to the truth or falsity

of the allegation that Gwendolyn Beals or Peter Poe and John Doe were acting under color of law.

**FACTS**

8. On March 27, 2007, after plaintiff and his brother Myles visited a friend in Chicago, they attempted to take a CTA train from the Belmont redline stop, so that they could catch the Amtrak train to return to Philadelphia.

**ANSWER:** Hatzel and Vaccaro admit that plaintiff was at the Belmont stop on the CTA Red Line on March 27, 2007. Hatzel and Vaccaro are without knowledge of information sufficient to form a belief as to the truth or falsity of the remaining allegations of paragraph 8.

9. At that time, plaintiff purchased $4.00 of transportation value from the CTA by adding that amount to his CTA fare card through the automated fare machine.

**ANSWER:** Hatzel and Vaccaro are without knowledge of information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 9.

10. Plaintiff's brother then used the card to enter the turnstile and handed the card to plaintiff, so that he could also gain entry, but the machine would not let him through.

**ANSWER:** Hatzel and Vaccaro are without knowledge of information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 10.

11. After plaintiff tried again unsuccessfully to use the value on his card to gain entry to the station, he attempted to enlist the assistance of a CTA employee, defendant Gwendolyn Beals.

**ANSWER:** Hatzel and Vaccaro are without knowledge of information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 11.

12. Defendant Beals verified that the card had value on it, by inserting it into the fare-card issuing machine which confirmed that it had $3.75 remaining value.

**ANSWER:** Hatzel and Vaccaro are without knowledge of information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 12.

13. Defendant Beals told plaintiff that the card would not work to allow him entry to the station because it was "between transfers," and that the card would not allow him access to station for a period of 20 minutes.

**ANSWER:** Hatzel and Vaccaro are without knowledge of information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 13.

14. Plaintiff told Beals that if he was forced to wait 20 minutes he would miss his train to Philadelphia, and asked her to facilitate his entry into the station, since he had obviously paid the required fare.

**ANSWER:** Hatzel and Vaccaro are without knowledge of information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 14.

15. Defendant Beals refused to assist plaintiff, even though she had the ability to do so, and informed him that he must purchase a new card.

**ANSWER:** Hatzel and Vaccaro are without knowledge of information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 15.

16. Plaintiff, having paid his fare which entitled him to enter the CTA station and catch a train and not having additional funds immediately available that would allow him to purchase an additional card, and leaving his card in the custody of defendant Beals, then attempted to climb over the turnstile, but fell as he was doing so, and landed on his face, sustaining injuries to his mouth and face.

**ANSWER:** Hatzel and Vaccaro admit plaintiff fell while climbing over the turnstile, and sustained injuries to his mouth and face. Hatzel and Vaccaro are without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of paragraph 16.

17. Plaintiff was bleeding profusely from his mouth and Myles requested that Beals call an ambulance, but she refused to do so and called the police instead, falsely accusing the

plaintiff of stealing.

**ANSWER:** Hatzel and Vaccaro admit plaintiff was bleeding from his mouth when they encountered him. Hatzel and Vaccaro are without knowledge of information sufficient to form a belief as to the truth or falsity of the remaining allegations of paragraph 17.

18. Defendant Chicago Police Department officers V. C. Vaccaro, J. Hatzel, John Doe and Peter Poe responded to Beals' call, came to the Belmont station, and began to taunt the plaintiff, making fun of his injuries and calling him stupid.

**ANSWER:** Hatzel and Vaccaro admit they went to the Belmont station. Hatzel and Vaccaro admit other officers came to the scene, but deny they arrived at the same time as Haztel and Vaccaro. Hatzel and Vaccaro deny the remaining allegations of paragraph 18.

19. When plaintiff's brother, Myles, requested that the officers summon medical attention rather than making fun of the plaintiff, one of the officers asked, "Who the fuck are you?"

**ANSWER:** Hatzel and Vaccaro deny the allegations of paragraph 19.

20. When plaintiff responded, "Who the fuck are you?" two of the defendant officers grabbed plaintiff and shoved him against the wall, one defendant officer cuffed plaintiff's left hand behind his back, another defendant officer grabbed plaintiff's right arm, and a third defendant officer grabbed plaintiff's head and smashed it against the wall.

**ANSWER:** Vaccaro admits he cuffed one of plaintiff's hands, and Hatzel admits he assisted with cuffing plaintiff's other arm. Hatzel and Vaccaro deny the remaining allegations of paragraph 20.

21. As a result of this attack by the defendant officers, acting together, plaintiff suffered a laceration on his left eyebrow and blunt trauma to the side of his face, causing bleeding and swelling of his face, nose, and head.

**ANSWER:** Hatzel and Vaccaro deny the allegations of paragraph 21.

22. Plaintiff and his brother requested that the police defendants call an ambulance so that plaintiff could receive medical attention, but the defendants refused to do so.

**ANSWER:** Hatzel and Vaccaro deny the allegations of paragraph 22.

23. Plaintiff's brother, Myles, then called for an ambulance.

**ANSWER:** Hatzel and Vaccaro are without knowledge of information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 23.

24. Defendant Beals falsely alleged to the police officers that plaintiff had attempted to enter the station without paying his fare, although she knew that he had in fact paid his fare and that he was forced to climb over the turnstile because she refused to assist him in gaining access to the station through conventional means.

**ANSWER:** Hatzel and Vaccaro deny the allegations of paragraph 24.

25. Because of these false allegations by defendant Beals, plaintiff was arrested.

**ANSWER:** Hatzel and Vaccaro admit they arrested plaintiff. Hatzel and Vaccaro are without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of paragraph 25.

26. Plaintiff and his brother informed the defendant police officers that plaintiff had in fact paid his fare, and that it was only because CTA and its agents had refused to allow him access to the station in a conventional manner that he was forced to climb the turnstile.

**ANSWER:** Hatzel and Vaccaro admit plaintiff claimed he had paid his fare. Hatzel and Vaccaro deny the remaining allegations of paragraph 26.

27. Defendant police officers arrested plaintiff, although they were aware of facts which demonstrated that there was no probable cause to believe he was guilty of any offense.

**ANSWER:** Hatzel and Vaccaro deny the allegations of paragraph 27.

28. Plaintiff was taken to the hospital and then to a police station where he was held for approximately eight hours, before he was released on a $1,000 personal recognizance bond.

**ANSWER:** Hatzel and Vaccaro deny plaintiff was held at the police station for approximately eight hours. Haztel and Vaccaro admit the remaining allegations of paragraph 28.

29. As a result of the acts of the defendants set forth above, plaintiff suffered physical and mental pain and suffering, mental anguish, extreme mental distress, financial loss and loss of liberty.

**ANSWER:** Hatzel and Vaccaro deny the allegations of paragraph 29.

## COUNT I
### [42 U.S.C. § 1983 Claim for Excessive Force]

30. Plaintiff realleges paragraphs 1 through 29.

**ANSWER:** Hatzel and Vaccaro reallege their answers to paragraphs 1-29 as their answer to paragraph 30.

31. The acts of defendants V. C. Vaccaro, J. Hatzel, John Doe and Peter Poe in acting together and smashing plaintiff's head against the wall, and in failing to prevent said abuse, violated plaintiff's rights under the Fourth Amendment to the United States Constitution to be secure in his person, papers and effects against unreasonable searches and seizures, and/or his right to due process under the Fourteenth Amendment to the United States constitution, and thus violated 42 U.S.C. § 1983.

**ANSWER:** Hatzel and Vaccaro deny the allegations of paragraph 31.

32. The actions of defendants V. C. Vaccaro, J. Hatzel, John Doe and Peter Poe were the direct and proximate cause of the violations of plaintiff's Fourth and/or Fourteenth Amendment rights, his injuries, mental suffering, anguish and humiliation, loss of personal freedom, and expenses, as set forth more fully above.

**ANSWER:** Hatzel and Vaccaro deny the allegations of paragraph 32.

WHEREFORE, Hatzel and Vaccaro respectfully pray that this Honorable Court enter judgment in their favor on Count I, with fees and costs and with such other relief as this Honorable Court deems fair and just.

## COUNT II
### [42 U.S.C. § 1983 Claim for False Arrest and Detention]

33. Plaintiff realleges paragraphs 1 through 32.

**ANSWER:** Hatzel and Vaccaro reallege their answers to paragraphs 1-29 as their

answer to paragraph 33.

33. 34.    The actions of defendants V. C. Vaccaro, J. Hatzel, John Doe and Peter Poe and Gwendolyn Beals in falsely arresting plaintiff without probable cause, violated his Fourth Amendment right to be free from unreasonable search and seizure, and thus violated 42 U.S.C. § 1983.

**ANSWER:**    Hatzel and Vaccaro deny the allegations of paragraph 34.

35.    The actions of defendants were the direct and proximate cause of the violations of plaintiff's Fourth Amendment rights, injuries, mental suffering, anguish, humiliation, loss of personal freedom, and expenses, as set forth more fully above.

**ANSWER:**    Hatzel and Vaccaro deny the allegations of paragraph 35.

WHEREFORE, Hatzel and Vaccaro respectfully pray that this Honorable Court enter judgment in their favor on Count II, with fees and costs and with such other relief as this Honorable Court deems fair and just.


## COUNT III
### [Claim Under Illinois Law for False Arrest and Detention]

36.    Plaintiff realleges paragraphs 1 through 35.

**ANSWER:**    Hatzel and Vaccaro reallege their answers to paragraphs 1-29 as their

answer to paragraph 36.

37.    The actions of defendants V. C. Vaccaro, J. Hatzel, John Doe, Peter Poe and Gwendolyn Beals in falsely arresting plaintiff without probable cause, violated his rights under Illinois law to be free from false arrest.

**ANSWER:**    Hatzel and Vaccaro deny the allegations of paragraph 37.

38.    The actions of defendants in falsely arresting plaintiff were the direct and proximate cause of plaintiff's mental suffering, anguish, humiliation, loss of personal freedom, and expenses, as set forth more fully above.

**ANSWER:**    Hatzel and Vaccaro deny the allegations of paragraph 38.

WHEREFORE, Hatzel and Vaccaro respectfully pray that this Honorable Court enter

judgment in their favor on Count III, with fees and costs and with such other relief as this Honorable Court deems fair and just.

## COUNT IV
### [Pendent State Law Claim for Negligence against Gwendolyn Beals]

Hatzel and Vaccaro make no answer to Count IV, as Count IV is not directed toward them.

## COUNT V
### [Pendent State Law Claim for Intentional Infliction of Emotional Distress]

44.   Plaintiff realleges paragraphs 1 through 43.

**ANSWER:**   Hatzel and Vaccaro reallege their answers to paragraphs 1-29 as their answer to paragraph 44.

45.   The conduct and actions of defendants, as set forth above, were extreme and outrageous, were done intentionally, wilfully and wantonly, and/or knowing there was a high probability that their conduct would cause plaintiff severe emotional distress as set forth above.

**ANSWER:**   Hatzel and Vaccaro deny the allegations of paragraph 45.

46.   As a direct and proximate result of defendants' extreme and outrageous conduct, plaintiff was injured and experienced severe emotional distress constituting intentional infliction of emotional distress under Illinois state law.

**ANSWER:**   Hatzel and Vaccaro deny the allegations of paragraph 46.

WHEREFORE, Hatzel and Vaccaro respectfully pray that this Honorable Court enter judgment in their favor on Count V, with fees and costs and with such other relief as this Honorable Court deems fair and just.

## COUNT VI
### [Claim for *Respondeat Superior* Against Defendant City of Chicago]

47.   Plaintiff realleges paragraphs 1 through 46.

**ANSWER:**   Hatzel and Vaccaro reallege their answers to paragraphs 1-46 as their

...

answer to paragraph 47.

48.     Defendants V. C. Vaccaro, J. Hatzel, John Doe and Peter Poe were, at all times material to this complaint, employees of the defendant City of Chicago, and they were acting in the scope of their employment, and their acts which violated state law are directly chargeable to defendant City of Chicago under state law pursuant to *respondeat superior*.

**ANSWER:**     Hatzel and Vaccaro deny their actions violated state law.  Hatzel and Vaccaro admit they were employees of the City of Chicago, and that they were acting within the scope of their employment, and that within the confines of Illinois law, the City is liable for their actions under the doctrine of respondeat superior.

## COUNT VII
### [Claim for *Respondeat Superior* Against Defendant Chicago Transit Authority]\

Hatzel and Vaccaro make no answer to Count VII, as Count VII is not directed toward them.

## COUNT VIII
### [745 ILCS 10/9-102 Claim Against Defendant City of Chicago]

51.     Plaintiff realleges paragraphs 1 through 48.

**ANSWER:**     Hatzel and Vaccaro reallege their answers to paragraphs 1-29 as their answer to paragraph 51.

52.     Defendant City of Chicago was the employer of defendants V. C. Vaccaro, J. Hatzel, John Doe and Peter Poe at all times relevant to this complaint.

**ANSWER:**     Hatzel and Vaccaro admit the allegations of paragraph 52.

53.     Defendants V. C. Vaccaro, J. Hatzel, John Doe and Peter Poe committed the acts alleged above in the scope of their employment as employees of the City of Chicago.

**ANSWER:**     Hatzel and Vaccaro, consistent with their foregoing answers, deny they committed the acts alleged.  Hatzel and Vaccaro admit that during the relevant period, they were

acting within the scope of their employment with the City of Chicago.

### AFFIRMATIVE DEFENSES

1.      At all times during the events alleged in Plaintiff's complaint, a reasonable police officer in the position of Hatzel and Vaccaro could have believed that his conduct was objectively reasonable and within constitutional limits that were clearly established at the time. Thus, Hatzel and Vaccaro are entitled to qualified immunity for their actions.

2.      Under the Local Governmental and Governmental Employees Tort Immunity Act, 745 ILCS 10/1-101, et seq., a local government employee acting in the execution or enforcement of the law cannot be liable for his actions, unless those actions were wilful and wanton. Id. at § 2-202.  Hatzel's and Vaccaro's complained of actions were not wilful or wanton.

### JURY DEMAND

Hatzel and Vaccaro respectfully demand this case be tried by jury.

Respectfully submitted,

/s/ Alec M. McAusland
ALEC M. McAUSLAND
Senior Corporation Counsel

30 N. LaSalle Street, #1400
Chicago, Illinois 60602
(312) 744-4038
ATTY. NO.  06202724

I, Alec M. McAusland, an attorney, certify that I have cause true and accurate copies of the foregoing **DEFENANTS HATZEL AND VACCARO'S ANSWER TO PLAINTIFF'S COMPLAINT** to be served on all parties who have appeared in this matter via the CM/ECF email system this ___ of May, 2008.